IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS J. SAVOIE,                                   Civil No. 3:10-cv-01580-AC

          Plaintiff

v.                                                  **FINDINGS AND
                                                    RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security

          Defendant.

ACOSTA, Magistrate Judge:

    Plaintiff Thomas Savoie ("Savoie") seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33. This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be reversed and remanded for further proceedings.

## BACKGROUND

    Born in 1955, Mr. Savoie filed a DIB application on February 12, 2007. Tr. 141. He initially alleged disability since December 12, 2003 (*id.*), due to post-traumatic stress disorder, Parkinson's

1 - FINDINGS AND RECOMMENDATION

disease, a back impairment, and high blood pressure. Tr. 167. The Commissioner denied this application initially and upon reconsideration (Tr. 100-06), and an ALJ held a hearing on August 11, 2008. Tr. 75-98. The ALJ found Mr. Savoie not disabled on November 24, 2008. Tr. 13-16. The Appeals Council accepted additional evidence into the record on October 29, 2010 (Tr. 6), but declined review of the ALJ's decision. Tr. 1-4. This action made the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 410.670a.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps to determine disability under the meaning of the Act. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. If the claimant does not have such a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii).

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the Commissioner's regulations. If it does, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and

continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e); Social Security Ruling ("SSR") 96-8p.

At step four, the ALJ uses this information to determine if the claimant can perform his past relevant work. If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. If the claimant cannot perform such work, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1520(a)(4)(v); *Yuckert*, 482 U.S. at 142; *Tackett*, 180 F.3d at 1099.

The initial burden of establishing disability rests upon the claimant. *Yuckert*, 482 U.S. 137, 146 n.5; *Tackett*, 180 F.3d at 1098. If the sequential disability analysis reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d. at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. § 404.1520(g); *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ found that Mr. Savoie had not performed substantial gainful activity between his December 1, 2003, alleged onset date and his September 30, 2004, date last insured.[1] Tr. 15. The ALJ subsequently found that Mr. Savoie did not provide evidence of an impairment prior to his

---

[1] Mr. Savoie must establish disability on or before his date last insured. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995)).

September 30, 2004, date last insured (Tr. 15), and therefore concluded that Mr. Savoie had no impairment at step two in the sequential proceedings. Tr. 15-16. Consequently, the ALJ found Mr. Savoie not disabled. Tr. 16.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*; *see also Batson*, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. *Bray*, 554 F.3d at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

## ANALYSIS

Mr. Savoie asserts that the Appeals Council failed to properly consider the opinion of an

4 - FINDINGS AND RECOMMENDATION

examining psychologist. He also argues that the ALJ improperly assessed the opinion of a second examining psychologist, and consequently erroneously assessed his own testimony and that of numerous lay witnesses. The Commissioner responds that the ALJ was not obligated to make findings on these matters because Mr. Savoie failed to establish a medically-determinable impairment at step two in the sequential proceedings prior to his September 30, 2004, date last insured.

## I. Evidence Before the Appeals Council

Mr. Savoie argues that the Appeals Council failed to properly consider the opinion of examining psychologist John Finney, Ph.D. Pl.'s Opening Br. 15.

### A. Jurisdiction to Review Appeals Council Decision

This court reviews the Commissioner's final decision. 42 U.S.C. § 405(g). When the Appeals Council denies a request for review, "it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor v. Comm'r, Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) (citing *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)). Consequently, the reviewing court has no jurisdiction to review an Appeals Council decision denying a claimant's request for review; it may "neither affirm nor reverse the Appeals Council decision." *Taylor*, 659 F.3d at 1231. This court therefore cannot engage in analysis regarding the reasoning of the Appeals Council or its conclusions, and will not address Mr. Savoie's submissions regarding such.

### B. Evidence Submitted to the Appeals Council

The record before this court clearly shows that the Appeals Council accepted the evidence in question: the Order issued by the Appeals Council stated that it "received additional evidence

5 - FINDINGS AND RECOMMENDATION

which it is making part of the record," and listed Dr. Finney's December 9, 2008, report. Tr. 5. Once the Appeals Council accepts evidence into the record, this court reviews that evidence in reviewing the ALJ's decision. *Taylor*, 659 F.3d at 1232 (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993)). This court therefore considers Dr. Finney's opinion below.

## II. Medical Source Opinions

The court addresses Mr. Savoie's assertions regarding examining psychologist Dr. Truhn, and Dr. Finney's opinion.

### A. Standards

Disability opinions are reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1). When making that determination, the ALJ generally must accord greater weight to the opinion of a treating physician than to that of an examining physician. *Lester*, 81 F.3d at 830. The ALJ must also generally give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician's opinion in favor of an examining physician's opinion. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### B. Examining Psychologist Dr. Truhn

Dr. Truhn evaluated Mr. Savoie at his attorney's request on July 29, 2008. Tr. 583-96. This evaluation occurred nearly four years after Mr. Savoie's September 30, 2004, alleged onset date. Dr. Truhn conducted a clinical interview and mental status examination, and administered various psychological tests. *Id.* Dr. Truhn also reviewed Mr. Savoie's available medical records, noting that

Veteran's Administration providers diagnosed Mr. Truhn with a depressive disorder and methamphetamine abuse in 2006. Tr. 593. Dr. Truhn additionally cited several lay witness statements Mr. Savoie's attorney submitted to Dr. Truhn. *Id.* He diagnosed "chronic" PTSD, panic disorder with agoraphobia, "severe" major depressive disorder, "late onset" dysthymia, and alcohol dependence in early full remission by Mr. Savoie's report. Tr. 594.

In response to Mr. Savoie's attorney's questions, Dr. Truhn wrote that Mr. Savoie's PTSD symptoms "maximally" met PTSD diagnostic criteria, and explained that Mr. Savoie symptoms diminished when he was intoxicated with alcohol and marijuana (*id.*). He also stated that, based upon Mr. Savoie's report, "the symptoms have been severe since he quit medicating himself with alcohol in about 2003." Tr. 595.

The ALJ cited Dr. Truhn's opinion, and concluded that Dr. Truhn "relied primarily on Mr. Savoie's own memory and the observations of his friends and relatives in reaching his conclusions." Tr. 16. The ALJ subsequently discussed Mr. Savoie's failure to seek treatment, but did not indicate that this analysis was linked to Dr. Truhn's opinion. *Id.* The ALJ neither clearly accepted nor clearly rejected Dr. Truhn's opinion. *Id.*

Mr. Savoie now argues that Dr. Truhn's statement regarding his decreased alcohol use and increased PTSD symptoms establishes that his PTSD was "severe" prior to his September 30, 2004, date last insured. Pl.'s Opening Br. 13. The record does not support this assertion: Dr. Truhn made no clear finding that Mr. Savoie carried a PTSD diagnosis prior to September 30, 2004. Tr. 594-96. He later submitted a statement to Mr. Savoie's attorney endorsing various work-related limitations as of that date, but his clinical notes do not explain this endorsement. The ALJ may reject physician

7 - FINDINGS AND RECOMMENDATION

opinions that are brief, conclusory, and inadequately supported. *Bayliss*, 427 F.3d at 1216. This argument therefore fails.

Mr. Savoie's argument pertaining to Dr. Truhn also asserts, without citation, that PTSD is a "progressive impairment." Pl.'s Opening Br. 14. No evidence of record suggests that Mr. Savoie has "progressive" PTSD; Dr. Truhn himself characterized it as "chronic." Tr. 594. Further, this court cannot now determine the nature of PTSD, progressive or not. This argument also fails.

Mr. Savoie next asserts that the ALJ improperly rejected his own symptom testimony because the ALJ rejected Dr. Truhn's opinion, which was based in part upon Mr. Savoie's reports. Pl.'s Opening Br. 18-19. Though Mr. Savoie recites familiar legal principles pertaining to credibility analysis, he does not allege specific error by the ALJ, identify omitted testimony, or explain the effect of such errors. *Id.*

The ALJ must provide "clear and convincing" reasons for finding a claimant not credible once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (*citing Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Here, the ALJ found on the record before him that Mr. Savoie did not establish a medically-determinable impairment before his September 30, 2004, onset date. Mr. Savoie does not establish error in the ALJ's analysis of Dr. Truhn's opinion on this matter, and points to no other evidence before the ALJ in support of his argument that the record before the ALJ establishing that Mr. Savoie had PTSD. Further, Mr. Savoie does not challenge the ALJ's reading of the remaining record before the ALJ regarding his PTSD. Because the ALJ did not find a medically determinable impairment, the ALJ was not obliged to provide a credibility analysis under

the authorities Mr. Savoie cites.

Finally, Mr. Savoie similarly asserts that the ALJ failed to properly discredit lay witness testimony because the ALJ rejected Dr. Truhn's opinion, which in turn cited lay witness testimony. Pl.'s Opening Br. 19-20. A claimant must establish an impairment based upon evidence from an acceptable medical source only. 20 C.F.R. § 404.1513(a). The Commissioner uses information provided by lay witnesses in subsequently assessing the severity of an impairment and its effect upon the claimant's ability to work. 20 C.F.R. § 404.1513(d). Thus, the ALJ is not obliged to consider lay testimony until after a claimant establishes a medically determinable impairment. The ALJ therefore did not err in rejecting lay testimony so far as it was encapsulated in Dr. Truhn's July 29, 2008, opinion.

In summary, Mr. Savoie fails to show that the ALJ improperly rejected Dr. Truhn's opinion on the record before the ALJ.

### C.  Examining Psychologist John Finney, Ph.D.

The Appeals Council accepted Dr. Finney's opinion into the record after the ALJ issued his decision. Tr. 5. The relevant issue is not error by the ALJ, but whether the evidence before the Appeals Council supports reversal of the Commissioner's finding of nondisability. *See Taylor*, 659 F.3d 1232 (concluding that the Appeal's Council's improper omission of evidence warrants remand for further proceedings before the ALJ).

Dr. Finney evaluated Mr. Savoie at the Veteran's Administration medical unit on December 9, 2008. Tr. 601-07. He reviewed Mr. Savoie's available medical records, including Dr. Truhn's report, and conducted a clinical interview. *Id.* Dr. Finney assessed "chronic, severe" PTSD, a single episode of major depressive disorder in partial remission, alcohol and marijuana dependence, and

9 - FINDINGS AND RECOMMENDATION

methamphetamine, cocaine, and hallucinogen abuse in remission. Tr. 607. Dr. Finney also stated that Mr. Savoie was "unemployable due to mental health issues." *Id.*

Regarding the onset date of Mr. Savoie's impairment, Dr. Finney initially noted that Mr. Savoie "first reported PTSD symptoms in the morning of June 16, 2005 when he presented himself to the VA Roseburg Emergency Department," and that Mr. Savoie "told [the ER nurse] that he had been having vivid nightmares since January 2005 of things that happened in Korea . . . ." Tr. 601. Dr. Finney subsequently summarized the record regarding Mr. Savoie's reported symptoms:

> [I]n June 2005 he said that he had been having vivid nightmares since January 2005. In October 2005 he was questioned more closely about the onset of his nightmares and he estimated that it was about a year or more previously (Oct 2004 or earlier) that he began to have nightmares and thoughts of his past military experience. By January 2004 they had become quite severe. When I questioned him and pushed him to be more specific about the onset, I concluded that it was about January or February 2004, the time shortly after he stopped drinking. Tr. 606.

This evidence strongly suggests that Mr. Savoie experienced PTSD prior to his September 30, 2004, alleged onset date. This evidence is relevant to a determination of Mr. Savoie's disability, and the Ninth Circuit specifically instructs that the Appeals Council may not omit evidence pertaining to a claimant's onset date. *Taylor*, 659 F.3d at 1233.

Mr. Savoie now notes that Dr. Finney opined that he would miss work two to four days per month, but does not point to evidence showing that this statement establishes disability, or otherwise articulate the manner in which Dr. Finney's opinion establishes disability. Pl.'s Opening Br. 15; Pl.'s Reply Br. 4. Therefore, the matter must be remanded for the reasons below. *Supra*, 11-13.

///

10 - FINDINGS AND RECOMMENDATION

## III.   SSR 83-20

Mr. Savoie also asserts that the ALJ should have either called a medical advisor to determine the onset of Mr. Savoie's PTSD, or credited the portion of Dr. Truhn's opinion that relied upon Mr. Savoie's statements and those of the lay witnesses. Pl.'s Opening Br. 14-15. Mr. Savoie relies upon the Commissioner's Administrative Ruling ("SSR") entitled, "Titles II and XVI: Onset of Disability," (available at 1983 WL 31249).

SSR 83-20 instructs the ALJ to call a medical expert when a claimant's disability onset date pertaining to an impairment of non-traumatic origin is ambiguous. SSR 83-20 at *3 (available at 1983 WL 31249). The Ruling further states that the ALJ may rely upon statements of family members or friends in inferring an onset date, but that such evidence must at all times be consistent with the medical evidence of record. *Id.*

SSR 83-20 clearly states that its purpose is to instruct an ALJ in determining a disability onset date. SSR 83-20 at *1 (available at 1983 WL 31249). Such instructions do not apply if no disability finding is made. Here, the ALJ made no alternative findings of disability after September 30, 2004, and Mr. Savoie does not establish that the record before the ALJ, notably Dr. Truhn's opinion, necessitated a finding of disability at any date. Therefore, the question of when any alleged disability began was irrelevant to the ALJ's decision, and the ALJ did not err in failing to apply SSR 83-20.

## IV.   REMAND

Dr. Finney's opinion strongly suggests that Mr. Savoie experienced PTSD symptoms prior to his September 30, 2004, alleged onset date. Omission of onset date evidence by the Appeals

Council warrants reversal. *Taylor*, 659 F.3d at 1233.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett*, 340 F.3d at 876 (citing *Bunnell v. Sullivan*, 947 F2d 871, 348 (9th Cir. 2003) (en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

It is not clear from the record that crediting the omitted evidence will establish that Mr.

Savoie is disabled. First, Mr. Savoie provides no explanation for the manner in which this evidence establishes disability, other than stating that he would miss between two and four days of work per month. Pl.'s Opening Br. 15; Pl.'s Reply 4. Because the ALJ did not progress beyond step two of the sequential analysis, this court cannot consider whether Dr. Finney's opinion supports an RFC that would in turn establish disability at step four or five in the sequential proceedings. While a vocational expert was present at Mr. Savoie's hearing, neither the ALJ nor Mr. Savoie's counsel asked the vocational expert to testify regarding the effects of Mr. Savoie's alleged limitations upon his ability to perform work in the national economy. Tr. 77-97. Thus, outstanding issues must be resolved before a determination that an award of benefits is inappropriate. Accordingly, the court declines to credit the improperly omitted testimony. *Luna*, 623 F.3d at 1035. The matter must be remanded for further proceedings to address Dr. Finney's opinion. If necessary, the ALJ must then make an RFC determination, and make adequate step four and five findings incorporating any revised findings.

Second, the record suggests that Mr. Savoie's alcohol and drug use may have contributed to his limitations. The Act and the Commissioner's regulations prohibit payment of benefits when drug and alcohol use is a material factor in a claimant's disability. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. Therefore, the ALJ must also consider the effect of Mr. Savoie's alcohol and drug use upon any finding of disability.

## CONCLUSION AND RECOMMENDATION

For the reasons above, the Commissioner's decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the further proceedings.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **June 7, 2012.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 23rd day of May, 2012.

_____
JOHN V. ACOSTA
United States Magistrate Judge