UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THOMAS SAVOIE, | Case No. 3:10:-cv-1580-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Thomas Savoie's ("Savoie") unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). Although Savoie is the claimant in this case, the real party in interest to this motion is his attorney Tim Wilborn ("Wilborn"), and the Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the

claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Wilborn is entitled to fees under Section 406(b) in the amount of $29,217.00.

*Procedural Background*

Savoie filed his application for Disability Insurance Benefits ("Benefits") on February 12, 2007, alleging an onset date of December 12, 2003. His application was denied initially and on reconsideration. On November 24, 2008, an Administrative Law Judge ("ALJ") issued an opinion in which she found Savoie not disabled and, therefore, not entitled to Benefits. The ALJ found Savoie had failed to present evidence of disability before the alleged onset date and, consequently, did not consider if Savoie's impairments prevented him from sustaining full-time competitive employment. That decision became the final decision of the Commissioner on October 29, 2010, when the Appeals Council denied Savoie's request for review after accepting additional evidence into the record.

Savoie sought review of the Commissioner's decision by filing a complaint in this court on December 30, 2010. Savoie alleged the ALJ erred in four respects: (1) rejecting the opinion of examining psychologist Dr. David R. Truhn; (2) failing to comply with SSR 83-20 in determining an onset date; (3) rejecting Savoie's statements with regard to the onset of his condition and severity of his symptoms; and (4) rejecting evidence offered by lay witnesses. Additionally, Savoie asserted the Appeals Council improperly rejected the opinion of Dr. John R. Finney, examining psychologist, after allowing the opinion to become part of the record. On May 23, 2012, this court issued Findings and Recommendations finding the ALJ properly addressed Dr. Truhn's opinion, Savoie's statements, and lay witness evidence, but the Appeals Council failed to give proper weight to Dr.

Finney's opinion, and recommending remand for consideration of both Dr. Finnery's opinion and the effect of Savoie's alcohol and drug use on his disability (the "F&R").

Savoie and the Commissioner both filed objections to the F&R. Savoie argued the court erred with regard to Dr. Truhn, Savoie's testimony, and the lay witness evidence, and should have credited Dr. Finney's opinion as true and sought remand for an award of Benefits. The Commissioner asserted the Appeals Council properly addressed the evidence and judgment should be entered affirming the Commissioner's decision. On July 5, 2012, District Judge Marco Hernandez issued an Opinion and Order in which he declined to adopt those portions of the F&R relating to the ALJ's rejection of Dr. Truhn's opinion and Savoie's statements, credited the functional limitations identified by Dr. Truhn, and concluded the evidence in the record established Savoie was disabled. Accordingly, Judge Hernandez reversed the Commissioner's decision and remanded for an award of Benefits (the "Opinion"). The Commissioner moved to alter or amend the Opinion on August 22, 2012, arguing the Commissioner should be given the opportunity to consider whether the credited-as-true opinions and functional limitations identified by Dr. Truhn were incompatible with the ability to sustain full-time competitive employment in light of the absence of such assessment by the ALJ. Judge Hernandez granted the motion in an Opinion and Order dated September 24, 2012, and remanded for further administrative proceedings.

On December 24, 2012, Savoie filed a Motion for Fees under the Equal Access to Justice Act (28 U.S.C. § 2412)(the "Act") in the amount of $9,200.87. On January 7, 2013, the parties filed a stipulation allowing Savoie to recover $9,000 under the Act. On January 9, 2013, this court entered

/ / / / /

/ / / / /

an Order granting Savoie's request for fees pursuant to the Act in the amount of $9,000.[1] Savoie filed the instant motion for attorney fees in the amount of $29,217.00 under Section 406(b) on November 21, 2015. The Commissioner does not oppose the motion.

*Discussion*

The parties do not dispute Savoie is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Wilborn requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Savoie's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Wilborn from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010)(quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a Section 406(b)

---

[1] The EAJA fees were confiscated by the government to pay Savoie's child support obligation and were never received by Wilborn.

fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Savoie and Wilborn executed a contingent-fee agreement, which provided if Wilborn obtained payment of past-due benefits, Savoie would pay him up to twenty-five percent of the past-due benefits awarded, with an acknowledgment such fees may exceed $700.00 per hour. (Mot. for Approval of Attorney Fees Pursuant to 42 U.S.C. §406(b), ECF No. 42 ("Pl.'s Mot."), Ex. C.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Savoie. Wilborn provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due Savoie and states it has withheld $29,496.23 in reserve to pay any attorney fees awarded by the court, which represents twenty-five percent of the past due benefits. (Pl.'s Mot. Ex. 1, at 3.) Wilburn seeks nearly the full amount withheld, asserting Savoie's retroactive benefits equaled approximately $116,868.00, an amount consistent with the sum withheld by the Administration for attorney fees. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12.  If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary.  *Id*. (quoting *Gisbrecht*, 535 U.S. at 808).  Here, Wilborn seeks twenty-five percent of the past due benefits, the full amount of the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee.  *Gisbrecht*, 535 U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id*. at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel.  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter the attorney would receive an unwarranted windfall.  *Crawford*, 586 F.3d at 1151-53 (citations omitted).  The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award.  It focused the risk inquiry, however, stating that:

"the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested Section 406(b) fee due to the character of Wilborn's representation. In fact, Wilborn eventually prevailed on all five of his arguments.

### B. Results Achieved

The court ordered a remand of Savoie's claim for a further proceedings. This was the best result available in that the ALJ initially decided the matter on the issue of onset date and was entitled to consider the evidence in the first instance on remand.

### C. Undue Delays

A court may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Savoie's opening brief was filed on October 22, 2011, after Wilborn requested, and received, extensions of sixty and then forty-five days, necessitated by a heavy work load, vacation schedules, conflicting deadlines, and attorney health issues. The Commissioner filed the response brief timely on December 27, 2011, and Savoie filed his reply brief timely on January 13, 2012. The parties filed their objections to the F&R, and response to such objections, in a timely manner. Similarly, the parties briefed the Commissioner's motion to amend the judgment without any

extensions of time.

The pendency of this action exceeded the normal time span due to the filing of objections by both parties and the filing of a motion to amend by the Commissioner. Wilborn's requests for extensions of time extended the action by nearly four months. However, the delay was not disproportionally long in relation to the overall pendency of the action and was not unreasonable or unfounded. There is nothing in the record to suggest the delay attributable to Wilborn was "undue." Accordingly, a reduction of Wilborn's fee request is unwarranted under this factor.

*D. Proportionality*

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Wilborn filed a twenty-page opening brief asserting four errors by the ALJ and one error by the Appeals Council, and a seven-page reply brief bolstering his arguments in response to the Commissioner's opposition brief. Wilborn argued the case should be remanded to the Commissioner for an immediate award of Benefits or, in the alternative, for further proceedings. When this court entered the F&R finding the ALJ improperly rejected Dr. Finney's opinion and recommending remand for additional proceedings, Wilborn filed a seven-page brief objecting to the F&R concentrating primarily on the ALJ's justification for rejecting Dr. Truhn's testimony and the court's failure to remand for an award of Benefits. Wilborn also filed a five-page brief in response to the Commissioner's objections.

Wilborn prevailed on his arguments when Judge Hernandez declined to adopt the analysis

in the F&R regarding Dr. Truhn's opinion and Savoie's statements, reversed the Commissioner's decision, and remanded the matter for an immediate award of Benefits. The Commissioner moved to amend or correct Judge Hernandez's opinion, to which Wilborn filed a seven-page response brief. Judge Hernandez granted the Commissioner's motion and issued a new judgment and remanded for additional proceedings.

Based on the amount withheld by the Administration for attorney fees, Savoie is entitled to approximately $116,868.00 in retroactive benefits. Wilborn reports, and the time records confirm, he and co-counsel, Betsy Stephens ("Stephens"), expended slightly more than fifty hours representing Savoie in this matter, with Wilborn billing 30.85 hours and Stephens billing 19.70 hours. While this time expenditure exceeds the twenty-to-forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty," the additional time is justified by the filing of objections by both parties and the motion to amend by the Commissioner. *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Wilborn currently seeks $29,217.00 in attorney fees for his representation of Savoie before this court, which results in an effectively hourly rate of $557.98. This hourly rate is justified by the results Wilborn achieved, and is consistent with those found reasonable for Wilborn's and Stephen's services by other judges in this district. *McNamara v. Comm'r of Soc. Sec.*, Civil No. 11-cv-00173-HZ, 2013 WL 2032267 (D. Or. May 14, 2013)(effective hourly rate of $500.00); *Rundell-Princehouse v. Astrue*, No. 1:10-cv-00988-CL, 2012 WL 7188852 (D. Or. Aug. 21, 2012)(effective hourly rate of $888.22); Wojtecki II v. Comm'r of Soc. Sec., Civil No 09-584-ST, 2011 WL 1694462 (D. Or. April 6, 2011)(effective hourly rate of $509.41).

*E. Risk*

Wilborn discusses the substantial risk of nonpayment and the significant delay in payment undertaken by Social Security practitioners. He also describes the risks unique to this case, emphasizing the length of time this appeal has been pending and the sparse evidence of disability onset based both on timing and the absence of contemporaneous evidence requiring such onset be inferred.

While some of the issues raised by Wilborn on Savoie's behalf were fairly routine in Social Security cases, the effect of Savoie's alcohol and drug use on his disability and the consideration of a proper onset date in light of his Post Traumatic Stress Disorder diagnosis were more unique and problematic. Additionally, the outcome of the case was far from assured, as evidenced by the difference of opinion between this court and Judge Hernandez, both parties filing objections to the F&R to achieve a ruling in Savoie's favor, the Commissioner's motion to amend or correct Judge Hernadez's ruling, and the remand to the Commissioner for further proceedings. The court finds no reduction of the request fee is warranted based on the risk and complexity of the case.

*Conclusion*

For the reasons stated, Savoie's Motion for Approval of Attorney Fees Pursuant 42 U.S.C. § 406(b) (ECF No. 42) in the amount of $29,217.00 should be GRANTED. As Wilborn's fee award under the Act was confiscated by the government and applied to Savoie's child support obligation, Wilborn is entitled to the entirety of the $29,217.00 without any offset.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **March 17, 2016**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of February, 2016.

/s/ John V. Acosta<br>
JOHN V. ACOSTA<br>
United States Magistrate Judge